IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| THOMAS LOUIS VANHOOK, #1646479 | § | |
| VS. | § | CIVIL ACTION NO. 9:12CV60 |
| THOMAS H. NELMS, ET AL | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff Thomas Louis VanHook, an inmate confined in the Duncan Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit under 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

**I.    BACKGROUND**

The original complaint was filed on April 23, 2012. On August 30, 2011, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Coordinator Lorie Parker and Warden Dwayne Dewberry testified under oath about prison policies and information contained in the Plaintiff's prison records.

1

Plaintiff claims that on or about February 10, 2012, at about 9:00 a.m., he was coming back from the unit law library and carrying the results of certain legal research he had been conducting in support of the appeal of his criminal conviction. In the hallway outside his dormitory, Defendant Correctional Officer Thomas H. Nelms demanded to search the papers Plaintiff was carrying. Plaintiff characterizes the demand as a "pretense" and that Defendant Nelms was actually prejudiced against him, although during the *Spears* hearing, he stated that the two had never had any confrontations or run-ins before and he could not say why he thought Defendant Nelms would have been "prejudiced" toward him. He testified that Defendant Nelms took his legal papers and threw them on the floor and kicked them, then returned some of them to Plaintiff and kept some himself. Plaintiff asserts that he asked to speak to a supervising officer, or "rank," and that Defendant Nelms refused to either summon "rank" from elsewhere or to allow Plaintiff to so speak to a supervisor. He also states that Defendant Nelms never gave him any "confiscation papers," apparently meaning a receipt for his documents. Plaintiff further contends that Defendant Correctional Officer James K. Johnson was present and saw what Defendant Nelms did, but did nothing but watch without reporting it.

Plaintiff testified that Defendant Nelms ordered him to return to his dormitory, which he did, and asked for Plaintiff's identification "to give me a case," meaning to write a disciplinary case against him. However, he testified that no such disciplinary case was ever written against him. He claims that Defendant Nelms told him that he would leave Plaintiff's legal material at the law library where he could pick it up. However, when Plaintiff later asked Correctional Officer/Librarian Price about the property, she told him that Defendant Nelms did not leave anything for him with her. In his complaint, he asserted that he heard Officer Martinez tell Officer Price that Defendant Nelms had

2

destroyed the material he took from Plaintiff. However, during the *Spears* hearing, he corrected the identity of the speaker in that case to an Officer Lunes instead of Martinez.

Plaintiff also testified that he had been originally convicted on March 24, 2010, and had not originally appealed his conviction but filed a *pro se* application for state habeas relief to the state trial court and Texas Court of Criminal Appeals. He testified that he had asked his trial counsel to file an appeal, but counsel refused to do so and filed a motion for new trial instead, which was apparently unsuccessful. He eventually requested a statement of facts from the Texas Court of Criminal Appeals, which ordered the trial court to prepare one. In the course of doing so, which involved an extension of time, he requested an out-of-time appeal. He testified that the Texas Court of Criminal Appeals granted the request and directed the trial court to assign him appellate counsel. He testified that the state court did assign him appellate counsel. He further testified that at the time of the incident with Defendants Nelms and Johnson on February 10, 2012, he was represented in the appeal of his criminal conviction by that appellate counsel, although he stated that counsel wound up eventually filing an *Anders*[1] brief and that Plaintiff is now faced with again researching and preparing his own *pro se* appellate brief.

Plaintiff seeks the amount of $2,800.00 for money damages, fees, court costs, his research time and replacement of legal material that was destroyed.

Warden Dewberry testified that an inmate could be searched at any time for contraband, although if legal materials were involved, certain procedures had to be followed in order to read it.

Regional Grievance Coordinator Parker testified that Plaintiff had exhausted his administrative remedies and presented Plaintiff's Grievance and Classification Records and Property

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Logs for the Court's review. Plaintiff agreed that the Court could review these records in association with his lawsuit.

## II. DISCUSSION AND ANALYSIS

Pursuant to 28 U.S.C. § 1915A, the Court must review Plaintiff's complaint and dismiss it, or any portion of it, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a Defendant who is immune from such relief. A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The term "frivolous" embraces not only the inarguable legal conclusion, but also the fanciful factual allegation. *Neitzke*, 490 U.S. at 325. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Gehmann*, 198 F.3d 153, 156 (5th Cir. 1999) (per curiam). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib*, 138 F.3d at 213.

To state a constitutional claim for relief under § 1983, a plaintiff must allege a right secured by the Constitution or the laws of the United States and a violation of that right by one or more state actors. *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994). To be a state actor subject to liability under Section 1983, the defendant must act "under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia." 42 U.S.C. § 1983. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only

because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941)). The Supreme Court has formulated a two-part approach to the issue of state action:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). In addition, "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lemons v. Swann*, 412 Fed. Appx. 672, 673 (5th Cir. 2011) (per curiam) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)).

Here, Plaintiff asserts that his right to access court has been improperly curtailed by Defendant Nelms' confiscation of his legal research in support of his criminal appeal and Defendant Johnson's failure to intervene or report the incident. With regard to claims of interference with access to court, the United States Court of Appeals recently observed that:

> Prisoners have a constitutional right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). However, the Supreme Court's decision in *Bounds* did not establish that prisoners have a right to a law library or legal assistance. *See Lewis v. Casey*, 518 U.S. 343, 350, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Rather, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.' " *Id*. at 351, 116 S. Ct. 2174 (quoting *Bounds*, 430 U.S. at 825, 97 S. Ct. 1491). Therefore, a prisoner alleging a violation of *Bounds* must demonstrate an actual injury. *Id*. According to the Supreme Court, the right to access the courts "rest[s] on the recognition that the right is ancillary to the underlying

5

claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). Because of the actual injury requirement, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id*.

*See Mendoza v. Strickland*, 414 Fed. Appx. 616, 618 (5th Cir. 2011) (per curiam). In *Mendoza*, the Fifth Circuit therefore affirmed the district court's dismissal of a complaint for failure to state claim upon which relief may be based because that plaintiff was represented by counsel in his court proceedings and thus could not state an injury for not being able to access legal research. *Id*. at 618-19 (citing *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981) (dismissing a complaint for failure to state a claim because "[a]s long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through motions filed by his attorney.")); *see also Metcalf v. De Los Santos*, 2012 WL 3204974, at *2 (N.D. Tex. July 18, 2012), *adopted by* 2012 WL 3222239 (N.D. Tex. Aug. 8, 2012); *Heigelmann v. Prince*, 2012 WL 760839, at *7 (E.D. Tex. Jan. 27, 2012) ("where an inmate is represented by counsel, he has no constitutional right to access to the law library, because his access to court is provided by his attorney," citing *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (per curiam); *Cruz v. Hauck*, 515 F.2d 322, 331 (5th Cir. 1975), *cert. denied*, 424 U.S. 917, 96 S. Ct. 1118, 47 L. Ed. 2d 322 (1976)), *adopted by* 2012 WL 760832 (E.D. Tex. Mar 8, 2012).

In this case, Plaintiff admitted in testimony that at the time of the alleged interference with his legal research and "access to courts" claim, he was represented by appellate counsel in the appeal of his criminal conviction. He also admitted that the legal research he had been pursuing at the time of the incident was in support of that criminal appeal. Therefore, he cannot show an injury through the alleged interference and, thus, cannot state a claim upon which relief may be granted in a § 1983

lawsuit. *Mendoza*, 414 Fed. Appx. at 618-19; *Tarter*, 646 F.2d at 1014. Even if he was eventually unhappy with appellate counsel's decision to file an *Anders* brief on his behalf, that does not affect the fact he was represented by counsel at the time of the alleged interference with his access to court.

It is accordingly

**ORDERED** that Plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any motion not previously ruled on is hereby **DENIED**. It is finally

**ORDERED** that the Clerk shall forward a copy of this Order to the Administrator of the Three-Strikes List for the Eastern District of Texas.

So **ORDERED** and **SIGNED** this **30** day of **August, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE